**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:15-CV-0030-WSS-JCM |
| | § | |
| DIRECTV, LLC; DIRECTV DIGITAL LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:15-CV-0031-WSS-JCM |
| | § | |
| NBA MEDIA VENTURES, LLC; TURNER | § | (Consolidated with |
| DIGITAL BASKETBALL SERVICES, INC., | § | 6:15-CV-0030-WSS-JCM) |
| | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:15-CV-0032-WSS-JCM |
| | § | |
| NHL ENTERPRISES, LP; NHL | § | (Consolidated with |
| ENTERPRISES, INC.; NHL INTERACTIVE | § | 6:15-CV-0030-WSS-JCM) |
| CYBER ENTERPRISES, LLC, | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 6:15-CV-0033-WSS-JCM |
| | § | |
| MLB ADVANCED MEDIA, LP; MLB | § | (Consolidated with |
| ADVANCED MEDIA, INC., | § | 6:15-CV-0030-WSS-JCM) |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

I.      **Introduction**

Affinity's untimely opposition[1] does not overcome Defendants' strong showing that these cases should be transferred.  First, this Division's experience with Affinity's lawsuits asserting other patents against automobile manufacturers does not create efficiencies that would justify keeping the present cases in Waco.  The patent claims asserted in the prior "Automobile" cases are very different from the claims of the "Regional Broadcasting" '379 Patent asserted here. Judge Yeakel is the only judge who has construed the Regional Broadcasting Patent.  In fact, he is the only judge in the Western District to have construed claims of *any* Affinity patent.  This Court should not needlessly repeat Judge Yeakel's work.  Second, Affinity has articulated no harm that would result from a supposedly slower schedule in Austin, and its complaints of delay are belied by its actual experience.  Affinity's time to claim construction has been essentially the same in both Divisions, and Affinity has never gone to trial in either.  Finally, Affinity's choice of venue should be given little or no weight when, as here, Defendants merely seek an intra-district transfer and Affinity is not even a resident of the Waco Division.

II.     **Experience With Affinity's Other Patents Does Not Create Efficiencies**

Affinity's Automobile Patents (the '680 and '191 Patents) are not asserted here and are directed to alleged inventions very different from those of the Regional Broadcasting '379 Patent currently at issue.  That these patents share a common specification is irrelevant—an invention is defined by the claims and not by the specification. *See Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1345 (Fed. Cir. 2002).  As this Court may recall, Affinity's Automobile Patents

---

[1] Local Rule CV-7(e) requires a response to a non-dispositive motion within 7 days of filing, notwithstanding any provisions of FRCP 6(d).  Standing Order Clarifying Time Limits For Filing Responses And Replies (W.D. Tex. July 25, 2014) (Montalvo, J.).  "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." L.R. CV-7(e)(2).  Affinity's Opposition, due March 25th, was not filed until March 30th.

claim systems for connecting a mobile phone to an automobile sound system using a "non-circular physical interface" ('680 Patent) or a "localized wireless network," such as Bluetooth ('191 Patent).  Cook Decl. ¶¶ 2-5.  The Regional Broadcasting Patent is very different and purports to claim a system for streaming a local radio or television broadcast to a wireless cellular telephone located outside the local broadcasting region.  Dkt. No. 3 at 29-30.  Affinity's opposition makes no attempt to articulate how this Court's familiarity with very different claims from different patents could create efficiencies or provide any insight into construing the Regional Broadcasting Patent's claims, particularly when this Court did not even have the opportunity to construe the claims of the Automobile Patents.[2]

The Regional Broadcasting Patent's independent claims include terms such as "streaming media signal representing the regionally broadcasted content," and "to receive a streaming media signal in the wireless cellular device corresponding to the regional broadcasting channel," both of which were previously construed by Judge Yeakel.  Dkt. No. 18-6 at 5.  No term relating to a regional broadcast appears anywhere in the claims of the Automobile Patents, and, conversely, nothing about an automobile sound system appears in the Regional Broadcasting Patent's claims. Cook Decl. ¶ 6.  Furthermore, as Affinity admits, this Court never held a claim construction hearing and never issued a claim construction order regarding Affinity's patents.  Dkt. No. 23 at 4.  Judge Yeakel remains the only judge in this district to have construed *any* Affinity patent.

That the Automobile Patents and Regional Broadcasting Patent share a specification is beside the point.  Affinity brags that its "robust specification covering numerous aspects of a digital media ecosystem" has led to "more than a dozen patents."  Dkt. No. 23 at 1-2.  A

---

[2] Yet Affinity argues in its opposition to Defendants' Motion to Dismiss that construction of the Regional Broadcasting '379 Patent's claims is critical before any court can determine whether it is directed to patentable subject matter.  Dkt. No. 25 at 11.

corollary of disclosing multiple purported inventions in a diverse specification is that the patents' claims may be directed toward very different subject matter from different parts of the specification, as is the case here.  Judge Yeakel has already considered the portions of the specification relevant to the Regional Broadcasting claims, and this Court would have to repeat all of that work.

Affinity's other arguments about the Automobile cases are also flawed.  First, Affinity cites sealed docket entries to suggest its license with Apple will raise issues similar to those that arose in the Automobile cases.  *Id.* at 6.  This Court may recall that the license defense in the Automobile cases related to hardware in the accused automobile sound systems that facilitated connection to Apple devices through the claimed "physical interface" or "localized wireless network."  Such issues are not present here, as the Regional Broadcasting Patent does not claim any similar connection interface and no automobile sound system is accused.  Second, Affinity argues that this Court's presiding over discovery disputes and mediation in the Automobile cases would create efficiencies here.  *Id.* at 4.  Affinity does not explain what these efficiencies could be, since none of the current defendants was a party to the Automobile suits and the accused products are completely unrelated.

Judicial efficiency weighs heavily in favor of transfer to the Austin Division.  Affinity has not—and indeed cannot—demonstrate that this Court's experience with Affinity's Automobile litigation trumps Judge Yeakel's experience construing the very claims at issue in the present cases.  As in *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010), where judicial economy dictated that the case should be heard before the court that already had become "very familiar with the only asserted patent and the related technology during a prior litigation," this case belongs in the Austin Division.

### III.    Affinity Overstates The Alleged Prejudice From Docketing Concerns In Austin

Affinity's argument that its case would proceed more slowly in Austin is insufficient to overcome Defendants' strong showing of judicial efficiency and the public's interest in deciding this dispute in Affinity's home community of Austin, because speed to trial carries little or no weight in the transfer analysis.  "The relevant factors in determining a transfer of forum . . . *do not include* speediness to trial or resolution."  *Rosenthal v. Blue Diamond Growers, Inc.*, Case No. 03-cv-0424-RF, 2003 U.S. Dist. LEXIS 20825, at *12 (W.D. Tex. Nov. 12, 2003) (emphasis added).  This is particularly true where, as here, Affinity does not practice its patent or compete in the marketplace and has articulated no particular harm that it would suffer from a longer schedule.  The Federal Circuit, presented with similar facts, stated:

> [W]e do not regard the prospective speed with which this case might be brought to trial to be of particular significance here. [Plaintiff] does not dispute that it does not practice the patent and therefore [Plaintiff] is not in need of a quick resolution of this case because its position in the market is threatened.

*In re WMS Gaming, Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014); *see also In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011) ("Nor has [Plaintiff] pointed to any other reason that a more rapid disposition of the case would be important enough to be assigned significant weight in the transfer analysis.").  Speed to trial should be accorded no weight in the transfer analysis here.

Furthermore, Affinity's complaints about Judge Yeakel's scheduling practices are, at best, speculative, and, at worst, specious.  Affinity complains that "approximately a year passed between the time that Affinity Labs filed suit and the time that the Austin court held a claim construction hearing."  Dkt. No. 23 at 3.  By comparison, the claim construction hearing in the Automobile cases was set for October 2014—also approximately one year after those cases were filed in November 2013.  Dkt. No. 23-3 at 42.  Thus, the time it actually took Affinity to (almost)

4

get to claim construction in Waco was no different from its experience in Austin. Affinity's speculation about how quickly the present cases would actually proceed to claim construction and to trial in either Division merits no consideration in the venue analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) ("We note that this factor appears to be the most speculative."); *W. Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *4 (E.D. Tex. Oct. 27, 2011) (discounting estimates of relative speed to trial given the "highly speculative" nature of such analysis).

**IV.     Affinity's Choice Of Venue Merits Little Or No Consideration**

Affinity is also wrong that its choice of venue should control. A plaintiff's choice of venue is not one of the public or private interest factors enumerated by the Fifth Circuit in *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). To the extent a plaintiff's choice warrants any deference, it is greatly diminished when defendants merely seek an intra-district transfer, and when the plaintiff does not reside in its chosen venue. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013); *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A. de C.V.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008). Affinity does not claim to reside in Waco and concedes that essentially all of its connections are with Austin, including the location of its headquarters and the residences of its principals, its inventors, and most of its likely witnesses. The fact that Affinity considered both Divisions and chose to file in Waco, Dkt. No. 23 at 1, should be accorded little or no weight.

**V.     Conclusion**

None of the arguments Affinity brings in opposition can overcome Defendants' strong showing of judicial economy and the public interest in having this dispute heard in Austin. Defendants' motion to transfer these actions to the Austin Division should thus be granted.

Dated: April 6, 2015                              Respectfully submitted,

                                                  By: */s/ Hilary L. Preston*
                                                  David B. Weaver (TBN 00798576)
                                                  Jeffrey T. Han (TBN 24069870)
                                                  **VINSON & ELKINS LLP**
                                                  2801 Via Fortuna, Suite 100
                                                  Austin, Texas 78746-7568
                                                  Tel: (512) 542-8400
                                                  Fax: (512) 236-3218
                                                  dweaver@velaw.com
                                                  jhan@velaw.com

                                                  Hilary L. Preston (TBN 24062946)
                                                  **VINSON & ELKINS LLP**
                                                  666 Fifth Avenue, 26th Floor
                                                  New York, New York 10103-0040
                                                  Tel: (212) 237-0000
                                                  Fax: (212) 237-0100
                                                  hpreston@velaw.com

                                                  *Attorneys for Defendants NBA Media*
                                                  *Ventures, LLC; Turner Digital Basketball*
                                                  *Services, Inc.; NHL Enterprises, L.P.; NHL*
                                                  *Enterprises, Inc.; and NHL Interactive*
                                                  *CyberEnterprises, LLC*

By: */s/ Ryan K. Yagura*

Darin W. Snyder (*pro hac vice*)
CA S.B. #136003
**O'Melveny & Myers LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Tel:  (415) 984-8700
Fax:  (415) 984-8701
dsnyder@omm.com

Ryan K. Yagura  (TBN 240755933)
CA S.B. #197619
Brian M. Cook (*pro hac vice*)
CA S.B. #266181
**O'Melveny & Myers LLP**
400 South Hope Street
Los Angeles, California  90071-2899
Tel:  (213) 430-6000
Fax:  (213) 430-6407
ryagura@omm.com
bcook@omm.com

Hana O. Chen (*pro hac vice*)
CA S.B. #300846
**O'Melveny & Myers LLP**
610 Newport Center Drive
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
hchen@omm.com

*Attorneys for Defendants DIRECTV, LLC and
DIRECTV Digital LLC*

7

By: */s/ Lindsy Solanki*
Lindsy Solanki (TBN 24055094)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000
Fax: (650) 843-7400
lsolanki@cooley.com

Christopher C. Campbell (application in process)
Nathan K. Cummings (application in process)
**COOLEY LLP**
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel:  (703) 456-8000
Fax:  (703) 456-8100
ccampbell@cooley.com
ncummings@cooley.com

*Attorneys for Defendants MLB Advanced Media,*
*L.P. and MLB Advanced Media, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that this instrument has been served using the CM/ECF system on the following counsel of record:

John P. Palmer
State Bar No. 15430600
Naman Howell Smith & Lee, PLLC
PO Box 1470
Waco, Texas 76703-1470
Palmer@namanhowell.com


Robins Kaplan LLP
Ronald J. Schutz MN Bar No. 130849
Cyrus A. Morton MN Bar No. 287325
Patrick M. Arenz MN Bar No. 386537
Daniel R. Burgess MN Bar No. 389976
Shira T. Shapiro MN Bar No. 390508
Kristine A. Tietz MN Bar No. 393477
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
 RSchutz@robinskaplan.com
CMorton@robinskaplan.com
PArenz@robinskaplan.com
DBurgess@robinskaplan.com
SShapiro@robinskaplan.com
KTietz@robinskaplan.com


**Attorneys for Plaintiff**


/s/ Ryan K. Yagura
RYAN K. YAGURA