**United States District Court**
**Western District of Texas**
**Waco Division**

| | |
|---|---|
| Affinity Labs of Texas, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:15-cv-00030-WSS-JCM |
| DIRECTV, LLC; | ) |
| DIRECTV Digital LLC | ) **Jury Trial Demanded** |
| Defendants. | ) |
| Affinity Labs of Texas, LLC, | ) |
| Plaintiff, | ) Case No. 6:15-cv-00031-WSS-JCM |
| vs. | ) Consolidated with |
| NBA Media Ventures, LLC; | ) 6:15-cv-00030-WSS-JCM |
| Turner Digital Basketball Services, Inc. | ) **Jury Trial Demanded** |
| Defendants. | ) |
| Affinity Labs of Texas, LLC, | ) |
| Plaintiff, | ) Case No. 6:15-cv-00032-WSS-JCM |
| vs. | ) Consolidated with |
| NHL Enterprises, L.P.; | ) 6:15-cv-00030-WSS-JCM |
| NHL Enterprises, Inc.; | ) **Jury Trial Demanded** |
| NHL Interactive CyberEnterprises, LLC | ) |
| Defendants. | ) |
| Affinity Labs of Texas, LLC, | ) |
| Plaintiff, | ) Case No. 6:15-cv-00033-WSS-JCM |
| vs. | ) Consolidated with |
| MLB Advanced Media, L.P.; | ) 6:15-cv-00030-WSS-JCM |
| MLB Advanced Media, Inc. | ) **Jury Trial Demanded** |
| Defendants. | ) |

**Defendants' Proposed Discovery Plan**

1

In an effort to manage discovery in the above-styled and numbered cause, and to provide further guidance to the parties, the Court issues the following Order.

### A. Defendant Groups

The Defendant Groups are defined as follows:

1. DIRECTV Defendants: DIRECTV, LLC and DIRECTV Digital LLC
2. NBA Defendants: NBA Media Ventures, LLC and Turner Digital Basketball Services, Inc.
3. NHL Defendants: NHL Enterprises, L.P.; NHL Enterprises, Inc.; and NHL Interactive CyberEnterprises, LLC
4. MLB Defendants: MLB Advanced Media, L.P. and MLB Advanced Media, Inc.

### B. Discovery of Electronically Stored Information (ESI)

The parties shall undertake reasonable efforts to preserve electronically stored information ("ESI") as required under the Federal Rules of Civil Procedure. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

- **General Document Image Format.** Each electronic document, with the exception of source code (the production of which shall be governed by the entry of a protective order in this action),[1] shall be produced in single-page Tagged Image File Format ("TIFF"). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF

---

[1] Source code means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.

files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Notwithstanding the foregoing, the parties agree to produce any Microsoft Excel spreadsheets in native format.

- **Text-Searchable Documents.** No party has an obligation to make its production text searchable; however, if a party's documents already exist in text searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

- **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

- **Voicemail, IM, Pin to Pin, and Mobile Devices.** Absent a showing of good cause, voicemails, instant messages, text messages, pin to pin messages, PDAs and mobile phones and any data contained thereon are deemed not reasonably accessible and need not be collected and preserved.

General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

E-mail production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

Each party shall limit its e-mail production requests to a total of five (5) custodians per producing party for all such requests. Each Defendant Group shall be considered a single producing party. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Additionally, the parties may jointly agree to modify this limit without the Court's leave. Should a party serve e-mail production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

E-mail production requests shall identify the custodian, proposed search terms, and proposed time frame. Each requesting party shall limit its e-mail production requests to a total of seven (7) proposed search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate

4

search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. If there is an objection regarding the scope or breadth of a search term, the objection should first by negotiated by the parties in good faith and then may be presented to the Court for resolution.

E-mail production requests must be made within a reasonable time after the requesting party becomes aware of the relevance of the custodian, and sufficiently before a deposition of the custodian to allow the producing party to comply with the request. If a requesting party fails to comply with the time requirements of this paragraph, it may not rely upon a producing party's failure to produce the e-mail before the custodian's deposition as a reason to depose that custodian a second time.

The parties will meet and confer between June 22, 2015 and July 2, 2015, to agree on whose e-mail will be searched and which search terms should be used. The parties will finalize the search terms and custodians by July 2, 2015. Any dispute regarding the search terms and custodians will be presented to the Court at a telephonic discovery conference on July 9, 2015, 1:00 p.m. CST (or at the Court's convenience).

The parties will initiate a "rolling production" of responsive emails as soon as possible following final agreement on custodian and search terms.

Absent a showing of good cause, any production in response to general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**C. Depositions**

    **i.   Defendants' Depositions of Plaintiff**

Defendants collectively will be permitted to take a 30(b)(6) deposition of Plaintiff for up to ten (10) hours. Additionally, Defendants collectively will be permitted to depose Russell White in his individual capacity for up to seven (7) hours; Harlie Frost in his individual capacity for up to seven (7) hours; and third-party inventor Kevin Imes for up to seven (7) hours. Absent unresolvable conflict between the schedules of the deponents and counsel, the 30(b)(6) and employee deposition for each Affinity Labs employee shall occur on consecutive days, or if appropriate, in one day, and the 30(b)(6) and employee deposition for the Affinity Labs employees shall occur in the same week. If additional time with Plaintiff's witnesses is needed, Defendants may orally seek leave of the Court. The above limits on deposition hours are exclusive of any expert depositions.

    **ii.  Plaintiff's Depositions of Defendants**

Plaintiff will be permitted to take up to ten (10) hours of a 30(b)(6) deposition of each Defendant group. Additionally, Plaintiff will be permitted up to an additional twenty-one (21) hours of deposition time to take employee fact witness depositions of each Defendant

group, providing that each fact witness deposed will count as a minimum of 3.5 hours toward the total hours limit. Absent unresolvable conflict between the schedules of the deponents and counsel, the 30(b)(6) and fact witness depositions of each Defendant group shall occur on consecutive days, or if appropriate, in one day. If additional time with Defendants' witnesses is needed, Plaintiff may orally seek leave of the Court. The above limits on deposition hours are exclusive of any expert depositions.

### iii.    Third Party Depositions

Defendants collectively may take up to forty (40) hours of third party depositions, exclusive of any deposition of third-party inventor Kevin Imes, and Plaintiff may take up to twenty (20) hours of third party depositions. All parties' time limits are inclusive of any time taken during third party depositions noticed by another party. If additional depositions are needed, either party may seek leave of the Court. The above limits on deposition hours are exclusive of any expert depositions.

### iv.    Deposition Schedule.

The parties may notice and schedule depositions during the fact discovery period set forth in the scheduling order. The parties shall meet and confer by December 1, 2015 regarding a proposed schedule for completion of any remaining party and third-party depositions. If agreement cannot be reached by December 1, 2015 regarding a deposition schedule, the parties will seek the Court's assistance.

### v.    Miscellaneous

If a party intends to produce a Rule 30(b)(6) or fact witness outside the United States, the party must identify the witness, their title, a brief description of their knowledge, the specific topic on which the witness will testify, and an explanation as to why the witness

cannot travel to the United States or why a similar witness is not available in the United States.

If a witness testifies in a language other than English, then one (1) hour of deposition time on the record will count as one-half (1/2) hour towards the overall deposition. The parties agree to negotiate any requests for additional deposition time in good faith.

### D. Privilege Logs

Privileged documents shall be logged in accordance with the Federal Rules of Civil Procedure except that no documents that came into existence later than the filing of these cases on February 3, 2015 need be included in a privilege log.

### E. Discovery Dispute Resolution

In the event of a discovery dispute, the parties shall first confer in a good faith attempt to resolve the dispute. If after the good faith attempt to resolve the dispute is made by both parties and consensus cannot be reached, the complaining party may submit a letter brief via email to Magistrate Judge Manske which sets forth a) the good faith attempt(s) to resolve the dispute, b) a brief summary of the dispute, c) a summary of the moving party's position, d) any applicable case law and analysis, and e) any applicable attachments. The responding party shall submit a reply letter brief by email to the Magistrate Judge within forty-eight (48) hours or two business days, whichever is later. The Magistrate Judge will then either resolve the dispute by Order without hearing or set the matter for telephonic conference. Alternatively, if the dispute is of the sort that will quickly resolve an impasse, the parties may jointly call the Court at (254) 750-1545 to schedule a telephone conference.

### F. Additional Matters

    i. **Service by E-mail**

The parties agree to serve documents by electronic mail to counsel of record for the applicable Defendant Group(s), in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

SIGNED on the _____ day of _____, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
JEFFREY C. MANSKE

Dated: April 27, 2015

Respectfully submitted,

By: */s/ Hilary L. Preston*
David B. Weaver (TBN 00798576)
Jeffrey T. Han (TBN 24069870)
**VINSON & ELKINS LLP**
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 236-3218
dweaver@velaw.com
jhan@velaw.com

Hilary L. Preston (TBN 24062946)
**VINSON & ELKINS LLP**
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Tel: (212) 237-0000
Fax: (212) 237-0100
hpreston@velaw.com

*Attorneys for Defendants NBA Media Ventures, LLC; Turner Digital Basketball Services, Inc.; NHL Enterprises, L.P.; NHL Enterprises, Inc.; and NHL Interactive CyberEnterprises, LLC*

By: */s/ Ryan K. Yagura*
Darin W. Snyder (*pro hac vice*)
CA S.B. #136003
**O'Melveny & Myers LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Tel:  (415) 984-8700
Fax:  (415) 984-8701
dsnyder@omm.com

Ryan K. Yagura  (TBN 240755933)
CA S.B. #197619
Brian M. Cook (*pro hac vice*)
CA S.B. #266181
**O'Melveny & Myers LLP**
400 South Hope Street
Los Angeles, California  90071-2899
Tel:  (213) 430-6000
Fax:  (213) 430-6407
ryagura@omm.com
bcook@omm.com

Hana O. Chen (*pro hac vice*)
CA S.B. #300846
**O'Melveny & Myers LLP**
610 Newport Center Drive
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
hchen@omm.com

*Attorneys for Defendants DIRECTV, LLC and DIRECTV Digital LLC*

        By: */s/ Lindsy Solanki*
        Lindsy Solanki (TBN 24055094)
        **COOLEY LLP**
        3175 Hanover Street
        Palo Alto, CA 94304
        Tel: (650) 843-5000
        Fax: (650) 843-7400
        lsolanki@cooley.com

        Christopher C. Campbell (application in process)
        Nathan K. Cummings (application submitted)
        **COOLEY LLP**
        One Freedom Square
        Reston Town Center
        11951 Freedom Drive
        Reston, Virginia 20190-5656
        Tel:  (703) 456-8000
        Fax:  (703) 456-8100
        ccampbell@cooley.com
        ncummings@cooley.com

        *Attorneys for Defendants MLB Advanced Media, L.P. and MLB Advanced Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that this instrument has been served using the CM/ECF system on the counsel of record.

        */s/ Hilary L. Preston*
        Hilary L. Preston