

**United States District Court**
**Western District of Texas**
**Waco Division**

| | | |
|---|---|---|
| Affinity Labs of Texas, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:15-cv-00030-WSS-JCM |
| vs. | ) | |
| | ) | |
| DIRECTV, LLC; | ) | **Jury Trial Demanded** |
| DIRECTV Digital LLC | ) | |
| | ) | |
| Defendants. | ) | |
| Affinity Labs of Texas, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:15-cv-00031-WSS-JCM |
| | ) | |
| vs. | ) | Consolidated with |
| | ) | 6:15-cv-00030-WSS-JCM |
| NBA Media Ventures, LLC; | ) | |
| Turner Digital Basketball Services, Inc. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |
| Affinity Labs of Texas, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:15-cv-00032-WSS-JCM |
| | ) | |
| vs. | ) | Consolidated with |
| | ) | 6:15-cv-00030-WSS-JCM |
| NHL Enterprises, L.P.; | ) | |
| NHL Enterprises, Inc.; | ) | **Jury Trial Demanded** |
| NHL Interactive CyberEnterprises, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| Affinity Labs of Texas, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:15-cv-00033-WSS-JCM |
| | ) | |
| vs. | ) | Consolidated with |
| | ) | 6:15-cv-00030-WSS-JCM |
| MLB Advanced Media, L.P.; | ) | |
| MLB Advanced Media, Inc. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## Scheduling Order

The Court issues this Scheduling Order to promote the fair and efficient resolution of this case.

| Case Event | Deadline |
|---|---|
| Oral argument on Defendants' §101 motion | May 12, 2015 at 9:00 a.m. |
| Parties exchange Initial Disclosures | May 15, 2015 |
| Infringement Contentions.<br><br>The party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions," which complies with Patent Rule 3-1 of the Patent Rules for the Eastern District of Texas. Additionally, the party claiming patent infringement must supplement its document production accompanying disclosure in the manner set forth in Patent Rule 3-2 of the Eastern District of Texas. | June 15, 2015 |
| Invalidity Contentions.<br><br>Each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" which must contain the information set forth in Patent Rule 3-3 of the Patent Rules for the Eastern District of Texas. Additionally, the party opposing a claim of patent infringement must supplement its document production accompanying disclosure in the manner set forth in Patent Rule 3-4 of the Eastern District of Texas. | July 13, 2015 |
| The parties will meet and confer regarding ADR. If the parties are unable to agree to a date by which ADR will be conducted, then they will seek the Court's assistance in resolving the dispute | July 20, 2015 |
| The parties will exchange a list of claim terms which that party contends should be | July 27, 2015 |

| | |
|---|---|
| construed by the Court | |
| The parties will exchange proposed constructions for each term, phrase, or clause at issue, identifying any extrinsic evidence relied upon, and for any element which any party contends is governed by 35 U.S.C. § 112(f), identifying the corresponding structures, acts, or materials | August 14, 2015 |
| New parties will be joined by this date. The party causing such joinder will provide copies of this scheduling order, along with any attachments, to the new parties | September 7, 2015 |
| Opening claim construction briefs (limited to 20 pages each) setting forth each party's positions on the disputed terms<br><br>To the extent the parties intend to submit expert testimony by declaration in support of their proposed constructions or indefiniteness positions, they shall submit such declaration concurrently with their opening claim construction brief | September 14, 2015 |
| The parties file responsive claim construction briefs (limited to 10 pages each) setting forth their rebuttal positions<br><br>Parties may submit rebuttal declarations in response to any expert declaration submitted with opening claim construction briefs | September 28, 2015 |
| Completion of depositions for any expert witness relating to claim construction or indefiniteness | October 9, 2015 |
| A joint claim construction chart and prehearing statement will be filed to the Court containing: a) a list of agreed-upon constructions; b) each disputed term and each party's construction of that disputed term; c) a blank column for the Court's construction; d) the anticipated length of time needed for claim construction hearing; and e) whether any party plans to call | October 12, 2015 |

| | |
|---|---|
| witnesses and, if so, the identification of each such witness | |
| The parties present respective technology tutorials, if necessary, to the Court, followed by a *Markman* hearing | November 3, 2015 [subject to the Court's availability. Alternatively, October 27, 2015, as initially proposed] |
| The parties will certify to the Court that they have substantially completed their document production. "Substantial completion" means that the party has conducted a reasonable search by conferring with relevant custodians with respect to individual and shared sources of information, identified responsive documents and information based on the non-objectionable portions of requests for production, and produced that information and documents to the opposing party or made them available for inspection. The party must seasonably supplement its document production in accordance with Federal Rule of Civil Procedure 26(e) if it learns of the existence of any additional, non-objectionable responsive document after the substantial completion deadline | November 16, 2015 |
| Motions for leave to file amended and/or supplemental pleadings will be filed by this date | November 24, 2015 |
| Deadline to exchange privilege logs | December 22, 2015 |
| Completion of fact discovery | January 26, 2016 |
| Parties asserting claims or defenses (i.e., bear the burden of proof) for relief shall serve opening expert reports and corresponding disclosures | February 9, 2016 |
| Parties resisting claims or defenses (i.e., do not bear burden of proof) for relief shall serve rebuttal expert reports and corresponding disclosures | March 1, 2016 |
| Completion of expert discovery | March 31, 2016 |

| | |
|---|---|
| Dispositive motions, as defined in Local Rule CV-7(c), must be filed by this date | April 13, 2016 |
| *Daubert* motions to exclude testimony must be filed by this date | April 27, 2016 |
| Hearing on any dispositive or *Daubert* motion | May 20, 2016 |
| The items required by Local Rule CV-16(e) must be filed by this date<br><br>NOTE: The list of proposed witnesses shall include a brief, but specific, statement of the testimony to be offered by the witness | May 30, 2016 |
| Pursuant to Local Rule CV-16(f), the parties should submit objections to specified deposition testimony, and objections to the admissibility of any exhibits.  The objection should be detailed and specific. Objections not disclosed by this date, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown | June 13, 2016 |
| Final pre-trial conference | June 23, 2016 |
| Jury selection and first 4-5 day trial (DirecTV) | June 27, 2016 |
| Jury selection and second 4-5 day trial (NBA) | Rolling basis after DirecTV trial |
| Jury selection and third 4-5 day trial (NHL) | Rolling basis after DirecTV trial |
| Jury selection and fourth 4-5 day trial (MLB) | Rolling basis after DirecTV trial |

SIGNED on the 30th day of April, 2015.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
JEFFREY C. MANSKE