# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | | |
|---|---|---|
| **AFFINITY LABS OF TEXAS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. W:15-CV-030** |
| | § | |
| **DIRECTV, LLC, DIRECTV DIGITAL** | § | |
| **LLC, et al.,** | § | |
| **Defendants.** | § | |

## <u>O R D E R</u>

Plaintiff Affinity Labs of Texas, LLC ("Affinity") filed the instant patent infringement suit, which was referred to the United States Magistrate Judge for all purposes. Doc. 9. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge submitted a Report and Recommendation to this Court addressing Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6). Doc. 19. After holding oral argument on May 12, 2015, and considering the parties' briefing, the Magistrate Judge concluded that Defendants' Motion is meritorious and recommended that it be granted with respect to all of the asserted claims of U.S. Patent No. 7,970,379 ("the '379 Patent"). Having reviewed the Magistrate Judge's report de novo, Affinity's objections thereto, and Defendants' Response, the Court hereby adopts the

Magistrate Judge's findings and recommendation. Consequently, Defendants' Motion to Dismiss is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

Affinity is an innovation consulting firm that owns a large portfolio of technology-based patents. Defendants are four companies, all in the business of broadcast media. Affinity filed suit against each Defendant separately,[1] alleging infringement of the '379 Patent. The Magistrate Judge granted the parties' Joint Motion to Consolidate under Rule 42(a). Doc. 22.

The '379 Patent, entitled "Providing Broadcast Content," claims a means for delivering regionally broadcasted radio or television content to an electronic device located outside a region of the regionally broadcasted content. '379 Patent (filed June 30, 2009). According to the specification, the patent addresses the following problem:

> [A] user may want to listen to a radio station located in a remote location wherein conventional radio receivers could not receive the desired broadcast. For example, a person living in Houston, Tex. may not be able to receive a radio broadcast signal from a radio station in Seattle, Wash. utilizing a conventional radio receiver.

*Id.* at col. 15 1. 58-64. The patents claim (1) a method for streaming regional content outside of a specific geographic location ("the method claims"); and (2) a

---

[1] *See Affinity Labs of Texas, LLC v. NBA Media Ventures, LLC*, No. 6:16-CV-031 (W.D. Tex. Apr. 6, 2015); *Affinity Labs of Texas, LLC v. NHL Enterprises, L.P.*, No. 6:15-CV-032 (W.D. Tex. Apr. 6, 2015); *Affinity Labs of Texas, LLC v. MLB Advanced Media, L.P.*, 6:15-CV-033 (W.D. Tex. Apr. 6, 2015). The Court's Order refers to Defendants collectively.

system configured to carry out the method on a wireless cellular telephone device ("the system claims"). *Id.* at 57.

At the hearing on Defendants' Motion, the parties agreed that Claim 1 is representative. Claim 1 reads as follows:

> 1. A broadcast system, comprising:
>
> A network based resource maintaining information associated with a network available representation of a regional broadcasting channel that can be selected by a user of a wireless cellular telephone device; and
> a non-transitory storage medium including an application configured for execution by the wireless cellular telephone device that when executed, enables the wireless cellular telephone device:
> to present a graphical user interface comprising at least a partial listing of available media sources on a display associated with the wireless cellular telephone device, wherein the listing includes a selectable item that enables user selection of the regional broadcasting channel;
> to transmit a request for the regional broadcasting channel from the wireless cellular telephone device; and to receive a streaming media signal in the wireless cellular telephone device corresponding to the regional broadcasting channel, wherein the wireless cellular telephone device is outside of a broadcast region of the regional broadcasting channel, wherein the wireless cellular telephone device is configured to receive the application via an over the air download.

*Id.* at col. 18 1. 21-44. Defendants jointly seek to dismiss Affinity's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the '379 Patent is invalid under 35 U.S.C. § 101 for failing to state a claim patentable subject matter.

Affinity previously asserted the '379 Patent in the Austin Division of the Western District of Texas. *See Affinity Labs of Tex., LLC v. Clear Channel Broad, Inc.*, No. 1:12-CV-205-LY, 2014 WL 1699063 (W.D. Tex. Apr. 29, 2014). In a *Markman* order, Judge Yeakel held that the purpose of the invention described in

the '379 Patent at issue is "to allow a user to consume 'regionally broadcasted content' when the user is physically located outside of the range of that regionally broadcasted content." *Id.* at \*6. In *Clear Channel*, Judge Yeakel was not presented with the opportunity to analyze whether the '379 Patent was invalid under § 101.

Here, after holding oral argument and conducting a thorough review of the parties' briefing, the Magistrate Judge's Report and Recommendation recommended granting Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Doc. 53. In response to the Report and Recommendation, Affinity timely filed objections thereto. Doc. 56. Defendants filed a Response to Affinity's objections. Doc. 57.

## STANDARD OF REVIEW

If a party files specific written objections to a Magistrate Judge's Report and Recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) (requiring specific written objections). The objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint

those portions of the magistrate's report that the district court must specifically consider.").

General, vague, conclusive, or frivolous objections will not suffice. *See Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). In such cases, the Court will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law. *See Gallegos v. Equity Title Co. of America, Inc.,* 484 F. Supp. 2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989)). Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Freeman v. Cnty. of Bexar,* 142 F.3d 848, 852 (5th Cir. 1998) (quoting 28 U.S.C. § 636(b)(1)).

## RELEVANT LAW

Section 101 of the Patent Act defines patentable subject matter. 35 U.S.C. § 101. More specifically, § 101 states that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." *Id.* The Supreme Court has interpreted § 101 to "contain[] an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2354 (2014) (quotation marks omitted). "[T]he concern that drives this exclusionary principle [i]s one of pre-emption." *Id.* These

categories are not patent-eligible because "they are the basic tools of scientific and technological work" that are "free to all men and reserved exclusively to none." *Mayo Collaborative Servs. v. Prometheus Labs.*, 132 S. Ct. 1289, 1293 (2012) (quotation marks omitted). Allowing patent claims for laws of nature, natural phenomena, and abstract ideas would "tend to impede innovation more than it would tend to promote it[,]" thereby thwarting the primary object of the patent laws. *Id.* Thus, the Court has "repeatedly emphasized this . . . concern that patent law not inhibit further discovery by improperly tying up the future use of" these building blocks of human ingenuity. *Id.* at 1301. However, the Court has also recognized the need to "tread carefully in construing this exclusionary principle, lest it swallow all of patent law." *Alice*, 134 S. Ct. at 2354.

The Supreme Court has recognized that, at some level, "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo*, 132 S. Ct. at 1293. Thus, an invention is not rendered ineligible for patent simply because it involves an abstract concept. *See Diamond v. Diehr*, 450 U.S. 175, 187 (1981). Applications of such concepts "to a new and useful end" remain eligible for patent protection. *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972).

In *Alice*, the Court identified a "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts[,]" which reflects the two-part test it previously articulated in *Mayo*. 134 S. Ct. at 2355. Under the *Mayo/Alice*

test, a court must first determine whether the claim is "directed to one of those patent-ineligible concepts[]" (e.g., a law of nature, physical phenomenon, or abstract idea). *Id.* If it is, the court moves to the second step and asks "[w]hat else is there in the claims before us?" *Mayo*, 132 S. Ct. 1297. To answer that question, the court considers the elements of each claim both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application. *Id.* at 1297-98. This analysis serves as a search for an "'inventive concept,'" which, in other words, is an element or combination of elements "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.* at 1294.

## ANALYSIS

### I.    The Magistrate Judge Did Not Err in Finding that the § 101 Issue Was Ripe for Adjudication.

Affinity argues Defendants' 12(b)(6) Motion is unripe because claim construction and factual disputes existed. Although patent eligibility under § 101 is not determined at the pleadings stage in all cases, it is not error to do so and may "have a number of salutary effects." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718 (Fed. Cir. 2014) (Mayer, J., concurring). These effects include "conserve[ing] scarce judicial resources," "provid[ing] a bulwark against vexatious infringement suits," and "weeding out . . . patents that stifle innovation and transgress the public domain." *Id.* at 718-19. "Issues of patent-eligible subject

matter are questions of law" and are therefore appropriate to address at the pleadings stage of litigation. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1369 (Fed. Cir. 2011); *see also Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (affirming the district court's decision granting a motion to dismiss an infringement claim for failure to state patent-eligible subject matter); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1351 (Fed. Cir. 2014) (affirming the district court's decision to grant judgment on the pleadings based on § 101).

While Affinity asserts that the Federal Circuit's "analysis is limited and opaque[,]" it does acknowledge that the court "has affirmed Rule 12 motions on § 101[.]" Doc. 56 at 3 n.1. The Court disagrees with Affinity's characterization of the extent of the Federal Circuit's analysis on this issue; the court recently issued two opinions in which it affirmed the invalidity of patents pursuant to § 101 stemming from 12(b)(6) motions to dismiss for lack of patent-eligible subject matter. *See Internet Patents Corp. v. Active Network, Inc.*, --- F.3d ----, 2015 WL 3852975 (Fed. Cir. June 23, 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, --- F.3d ----, 2015 WL 3622181 (Fed. Cir. June 11, 2015).

Further, the Federal Circuit has opined that "[a]lthough the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter, claim construction is not an inviolable prerequisite to a validity determination under § 101." *Content Extraction*, 776 F.3d at 1349. In *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, the Federal

Circuit found that the district court did not err by declaring claims patent ineligible at the pleading stage without first construing the claims or allowing the parties to conduct fact discovery and submit opinions from experts supporting their claim construction positions. 687 F.3d 1266, 1273-74 (Fed. Cir. 2012).

Affinity claims the Magistrate Judge erred in improperly shifting the burden to it to identify a specific claim construction issue for § 101 purposes. Furthermore, Affinity contends the Magistrate Judge failed to conduct a proper, formal claim construction analysis. But when "the parties have not sought construction of any terms in the . . . patent[], . . . this lack of dispute over the proper construction of the asserted claims confirms that it is unnecessary to engage in claim construction before addressing validity under [§] 101." *Open Text S.A. v. Alfresco Software Ltd*, No. 13-cv-04843-JD, 2014 WL 4684429, at *3 (N.D. Cal. Sept. 19, 2014); *cf. Loyalty Conversion v. American Airlines, Inc.*, No. 2-13-cv-655, 2014 WL 4364848, at *4 (E.D. Tex. Sept. 3, 2014) (proceeding with a § 101 determination at the pleading stage after circumstances showed "there [were] no disputed issues of claim construction that would affect the proper analysis of the patentability of the asserted claims, and no other issues of fact that [were] material to the § 101 question"); *see also Clear with Computers, LLC v. Altec Indus., Inc.*, No. 6:14-cv-79, 2015 WL 993392, at *3 (E.D. Tex. Mar. 3, 2015) (stating "neither party has identified any disputes presently ripe for claim construction" and thus "the Court sees no reason to delay its § 101 ruling while the parties continue to expend significant resources which will not impact or aid

the Court in reaching this decision"); *Morales v. Square, Inc.*, --- F. Supp. 3d ----, No. 5:13-cv-1092-DAE, 2014 WL 7396568, at *4 (W.D. Tex. Dec. 30, 2014) (finding that "neither separate claim construction proceedings nor further development of the factual record is required before addressing the § 101 issue"); *Morsa v. Facebook, Inc.*, --- F. Supp. 3d ----, 2014 WL 7641155, at *4 (C.D. Cal. Dec. 23, 2014) (explaining that "claim construction is a prerequisite to the § 101 inquiry 'only where claim construction disputes are relevant'") (quoting *Eclipse IP LLC v. McKinley Equip. Corp.*, No. SACV 14-742-GW AJWX, 2014 WL 4407592, at *5 (C.D. Cal. Sept. 4, 2014)).

Here, the Court overrules Affinity's claim construction objections because conducting claim construction was not required. The Magistrate Judge accurately noted that Affinity failed to identify a disputed term requiring construction before deciding the present motion, and thus formal claim construction is rendered unnecessary.[2] The Court agrees with the Magistrate Judge that Affinity had ample opportunity to identify in its briefing or during oral argument a claim term in need of construction before proceeding on to a § 101 analysis. The hearing transcript reflects that the Magistrate Judge stated on the record that Affinity did not identify a single claim term in need of construction. Affinity neither objected to

---

[2] Defendant's Response to Affinity's Objections to the Report and Recommendation also correctly explains that Affinity "fails to identify a single term or construction that the Magistrate Judge allegedly implicitly decided, . . . fails to explain how any term was allegedly construed incorrectly[,] and . . . fails to explain how any term allegedly construed by the Magistrate Judge affected the resulting Report and Recommendation." Doc. 57 at 4. (citations and quotation marks omitted). Defendants argue these objections (as well as the rest of Affinity's objections) lack specificity as Rule 72(b)(2) requires; however, the Court declines to overrule any of Affinity's objections based and this contention.

the Magistrate Judge's statement nor identified a disputed term. Affinity simply failed to bring to light any claim construction issue that needed attention before the court addressed the merits of Defendants' § 101 claims.

The Court also overrules Affinity's objection that Defendants' Motion is not ripe because the Magistrate Judge made unsupported factual determinations regarding what was conventional, routine, or well-known at the time of the invention. The Federal Circuit has invalidated patents under § 101 at the motion to dismiss stage because conventional, routine, or well-known elements did not provide an inventive concept. *See, e.g., Internet Patents*, 2015 WL 3852975, at *5 (analyzing the patent specification to demonstrate that the claim elements were conventional, common, and well-known); *Content Extraction*, 776 F.3d at 1348 ("There is no 'inventive concept' in [plaintiff]'s use of a generic scanner and computer to perform well-understood, routine, and conventional activities commonly used in industry."). Additionally, as the Magistrate Judge explained, courts frequently make findings (e.g., general historical observations) when determining legal questions. *See Cal Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 978 n.6 (C.D. Cal. 2014); Doc. 53 at 17.

Consequently, the Magistrate Judge did not err in proceeding to a § 101 analysis prior to addressing claim construction because there was no indication of a dispute on the matter. The Magistrate Judge's factual determinations were likewise not error.

II.   **The Magistrate Judge Did Not Err in Finding that the '379 Patent Claims an Abstract Idea.**

Affinity's objections claim that the Magistrate Judge erred in his *Mayo/Alice* step one analysis because: (1) the '379 Patent's claims are tangible and concrete—not abstract; (2) the claims do not fall within any abstract idea category in which the Supreme Court and Federal Circuit have recognized; and (3) the "quick look" at the '379 Patent ignores the actual claimed inventions. Doc. 56 at 10. The Court must first decide whether the '379 Patent's claims are directed to an abstract idea—a patent-ineligible subject matter—before proceeding to step two of the *Mayo/Alice* analysis. In doing so, the Court is instructed to evaluate the patent claims "[o]n their face[.]" *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356 (2014). At step one, "a detailed examination of the asserted claims, either individually or as an ordered combination[,]" is not required. *Kenexa BrassRing, Inc. v. HireAbility.com, LLC*, No. 12-10943-FDS, 2015 WL 1943826 (D. Mass. Apr. 28, 2015) (citing *Alice*, 134 S. Ct. at 2356); *Mayo Collaborative Servs. v. Prometheus Labs.*, 132 S. Ct. 1289, 1293 (2012). Rather, at step one "the court must identify the purpose of the claim—in other words, determine what the claimed invention is trying to achieve—and ask whether that purpose is abstract." *Enfish, LLC v. Microsoft Corp.*, 56 F. Supp. 3d 1167, 1173 (C.D. Cal. 2014).

Affinity argues that the '379 Patent is tangible and concrete because it uses cell phones and downloadable applications. But under this view, it is difficult

12

to foresee any patent that utilizes a computer component classified as abstract. The *Alice* opinion discussed as follows:

> The fact that a computer "necessarily exist[s] in the physical, rather than purely conceptual realm" is beside the point. There is no dispute that a computer is a tangible system (in § 101 terms, a "machine"), or that many computer-implemented claims are formally addressed to patent-eligible subject matter. But if that were the end of the § 101 inquiry, an applicant could claim any principle of the physical or social sciences by reciting a computer system configured to implement the relevant concept.

134 S. Ct. at 2358-59.

Here, the Court agrees with the Magistrate Judge's conclusion and method in which he found that "the purpose of the '379 Patent [is for] the dissemination of regionally broadcast[ed] content to users outside the region and that such purpose is a well-known, longstanding, commercial business practice[.]" Doc. 53 at 17. The Court finds Affinity's objection arguing that Patent '379 is tangible and concrete unpersuasive.

In addition, although Affinity argues that the Magistrate Judge "erred by expanding the categories of recognized 'abstract ideas,'" the Supreme Court has declined to "delimit the precise contours of the 'abstract ideas' category . . . ." *Alice*, 134 S. Ct. at 2357. Indeed, nothing in *Alice* prohibits the Court from identifying a patent as an abstract idea that is neither a mathematical algorithm nor a fundamental economic practice. *See id.* The Court agrees with the Magistrate Judge's reasoning that *Alice* allows for "the lower courts to develop the [abstract idea] category on a case-by-case basis." Doc. 53 at 11.

Finally, the Magistrate Judge did not err in utilizing a "quick look" test in step one before moving to step two of his analysis. *Enfish, LLC v. Microsoft Corp.*, 56 F. Supp. 3d 1167, 1173 (C.D. Cal. 2014) ("Step one is a . . . 'quick look' test, the purpose of which is to identify a risk of preemption and ineligibility. If a claim's purpose is abstract, the court looks with more care at specific claim elements at step two."). The more recent *Internet Patents* case is similarly informative, explaining that "we start [the § 101 analysis] by ascertaining the basic character of the subject matter[.]" *Internet Patents Corp. v. Active Network, Inc.*, --- F.3d ----, 2015 WL 3852975, at *4 (Fed. Cir. June 23, 2015). Sister courts within the Western District of Texas have also accurately followed the Supreme Court and Federal Circuit's precedent in step one. *See Morales v. Square, Inc.*, --- F. Supp. 3d ----, No. 5:13-cv-1092-DAE, 2014 WL 7396568, at *6 (W.D. Tex. Dec. 30, 2014) ("In determining whether a claim is directed to an abstract idea, courts look past the claim language to '*the purpose of the claim*—in other words, what the invention is trying to achieve.'") (quoting *Cal Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 991 (C.D. Cal. 2014) (emphasis added)). The Court overrules Affinity's objection to the Magistrate Judge's application of the "quick look" test for step one of his § 101 analysis.

### III.   The Magistrate Judge Did Not Err in Finding that the '379 Patent Claim Fails to Cite an Inventive Concept.

Affinity contends that the Magistrate Judge erred in his step two analysis because the '379 Patent contains an inventive concept. More specifically,

Affinity's objections argue that: (1) case law does not support the Magistrate Judge's application of a technological arts test; (2) the over-the-air downloadable application was not generic, conventional, well-known, or routine as of March 2000; (3) the claim elements as a whole were not generic, conventional, well-known, or routine as of March 2000; (4) the disputes on this topic raise factual issues that should not be decided on the pleadings; and (5) the claims of the '379 Patent pass the machine-or-transformation test. Doc. 56 at 16.

The Magistrate Judge did not err in his application of the *Alice* decision by citing to Judge Mayer's opinion, which deemed that *Alice* "for all intents and purposes, set out a technological arts test for patent eligibility." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014) (Mayer, J., concurring). In *Alice*, the Supreme Court found that the asserted method and systems claims did not transform an abstract idea into a patent-eligible invention in part because "the claims at issue amount to 'nothing significantly more' than an instruction to apply the abstract idea . . . using some unspecified, generic computer." 134 S. Ct. at 2360 (citing *Mayo Collaborative Servs. v. Prometheus Labs.*, 132 S. Ct. 1289, 1298 (2012)). In the instant case, the Magistrate Judge followed this precedent in finding that "Claim 1 takes the abstract idea and says 'apply it' to a wireless, cellular telephone device acting as a generic computer." Doc. 53 at 22-23. The Court finds the Magistrate Judge did not err in his reliance upon *Alice* to the extent it set forth a "technological arts" test; the appropriate legal analysis was

applied irrespective of the name of the test in which Affinity would like to attach to

it in an effort to articulate an objection.

Additionally, the Magistrate Judge did not err in finding that the over-the-air

downloadable application with graphical user interface and claim elements as a

whole did not amount to an inventive concept. The Magistrate Judge wrote the

following:

> Claim 1 merely states that the application "enables" the device to
> present a graphical user interface so a user can select what date
> that user wants to stream. Both the claim and the specification are
> devoid of any teaching or blueprint explaining how the device can do
> what it purports to do. The claim is silent as to how the
> downloadable application with graphical user interface aids the
> system or method, the extent to which it aids the system or method,
> nor does it explain the significance of the downloadable application
> with graphical user interface to performance of the system or
> method.

Doc. 53 at 22. As a result, the court found that the downloadable application with

graphical user interface and the graphical user interface, when considered

standing alone, does not amount to an inventive concept. *Id.* at 22-23. The Court

agrees, and contrary to Affinity's claim that the Magistrate Jude inquired about

requirements reserved for § 112, the Federal Circuit has invalidated patents

under § 101 for not qualifying as an inventive concept because it did not specify

how the patent performs the steps claimed in the patent. *See Dealertrack, Inc. v.

Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012). Furthermore, the Court finds that

the Magistrate Judge's analysis of *DDR Holdings, LLC v. Hotels.com, L.P.*, 773

F.3d 1245, 1258 (Fed. Cir. 2014), was not error because the claims "specif[ied]

how interactions with the Internet are manipulated to yield a desired result . . . ." As the Magistrate Judge noted, *supra*, no such explanation as to how the downloadable application disseminates content to a remote user is provided within the '379 Patent claims, and thus *DDR Holdings* is distinguishable from the case at hand.

Affinity's objection contending that the Magistrate Judge failed to consider each claim of the '379 Patent as a whole (and instead only considered each element individually) is without merit. The *Alice* decision instructs courts to consider claim elements both individually and as an ordered combination. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). This is precisely what the Magistrate Judge did. Doc. 53 at 26 ("[T]he . . . claims, . . . either individually *or as an ordered combination*, all describe conventional, well known and routine concepts, accomplished using computer hardware and software recited in 'purely functional and generic' terms and are, therefore, invalid under 35 U.S.C. § 101.") (quoting *Alice*, 134 S. Ct. at 2360) (emphasis added). Regardless, the purpose of considering claims in an ordered combination is to determine whether the claims "'ad[d] [some]thing . . . that is not already present when the steps are considered separately." *Alice*, 134 S. Ct. 2359 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012)). Here, Affinity did not specify any combination of elements that were not already present when the well-known and conventional elements are considered

individually. Affinity's contention that the Magistrate Judge erred in considering the claim elements as a whole is overruled.

Affinity's objection to the Magistrate Judge's factual determinations regarding what was conventional and routine at the time of the invention is also without merit. A § 101 determination is a question of law, and "[c]ourts frequently make findings when deciding purely legal questions." *Cal Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 978 n.6 (C.D. Cal. 2014). Patent "[e]legibility questions mostly involve general historical observations, the sort of findings routinely made by courts deciding legal questions[,]" and "[t]he Federal Circuit has noted that § 101 analysis if 'rife with underlying factual issues.'" *Id.* (quoting *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1339 (Fed. Cir. 2013)). Further, several Federal Circuit cases have made general historical observations in ruling on a 12(b)(6) motion. *See, e.g., buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1354-55 (Fed. Cir. 2014); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 722-23 (Fed. Cir. 2014) (Mayer, J., concurring); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014). Therefore, the Magistrate Judge's reliance on the patent specification and use of taking judicial notice of well-known, general historical observations was not error.

As to Affinity's final step two objection, the Court disagrees with its argument that the '379 Patent claims pass the machine-or-transformation test. A claimed process can be patent eligible under the machine-or-transformation test

if: "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *Bilski v. Kappos*, 561 U.S. 593, 601 (2010) (quotation marks omitted). Only the first prong applies in this case. Doc. 53 at 18-19. The Magistrate Judge explained that:

> [A] general purpose computer, coupled with the internet, . . . fail[s] the machine test. . . . In reviewing Claim 1, the Court finds [Patent '379] fails the machine or transformation test. Specifically, in analyzing Claim 1, Affinity merely takes the abstract idea identified above and applies it to a generic, electronic device—in this case, a wireless cellular telephone device operating as a ubiquitous, information-transmitting medium, not a novel machine. . . . [T]he Court finds the claim merely sets forth routine and generic processing and storing capabilities generally. The claim describes a generic network with a non-transitory storage medium—which could be any kind of memory. The claim only further describes that the network sends and receives [regional broadcast] data in a streaming form. I[] find[] Affinity's '379 patent fails the machine or transformation test[.]

*Id.* at 19-20 (citations and quotation marks omitted). Affinity's objection and argument in support fails to persuade the Court to depart from the Magistrate Judge's sound reasoning. The Magistrate Judge did not err in his machine-or-transformation test analysis.

## IV.  The Magistrate Judge Did Not Err in Finding the '379 Patent's Dependent Claims Are Invalid.

Affinity next claims that the Magistrate Judge's analysis of the '379 Patent's dependent claims was conclusory and inadequate; however, Defendants are correct that a court's § 101 analysis of dependent claims that fail to add an inventive concept are generally briefly addressed. *See Internet Patents Corp. v. Active Network, Inc.*, --- F.3d ----, 2015 WL 3852975, at *6 (Fed. Cir.

June 23, 2015); *Content Extraction*, 776 F.3d at 1348-49. The Federal Circuit has even disposed of claims without even a conclusory supporting analysis. *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, --- F.3d ----, 2015 WL 3634649, at *6 (Fed. Cir. June 12, 2015) ("None of the remaining asserted dependent or independent claims differ substantially from [the claims explicitly addressed].").

In the instant case, the Magistrate Judge found as a matter of law that "the dependent claims do not add something to the abstract idea that is an 'integral' or 'significant part' of the invention." Doc. 53 at 26. Because the Court agrees with the Magistrate Judge that the claims in this case "add only trivial limitations insufficient to confer patentability[,]" the Magistrate Judge did not err in his dependent claims analysis. *Id.* at 24.

## V.    The Magistrate Judge's '379 Patent Preemption Analysis Was Not Error.

Affinity's final objection asserts that the Magistrate Judge erred in his preemption analysis, but the Court disagrees. The Magistrate Judge did not err in concluding that "[t]he asserted claims of the '379 Patent preempt the dissemination of regionally broadcasted content to a user outside the region on an electronic device that utilizes cellular communication, thereby monopolizing the idea on a ubiquitous device . . . ." *Id.* at 27-28.

Irrespective of the Court's agreement with the Magistrate Judge's preemption analysis, however, the issue is moot in light of the Court's adoption of the findings and recommendation that the claims are patent ineligible under the

two-step *Mayo/Alice* test. The Federal Circuit recently held that, "[w]here a patent's claims are deemed only to disclose patent ineligible subject matter under the Mayo framework, . . . preemption concerns are fully addressed and made moot." *Ariosa*, 2015 WL 3634649, at *7. Therefore, Affinity's preemption objection is overruled.

## CONCLUSION

The Magistrate Judge, in a thorough review of the case and applicable law, has recommended that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted and that the case be dismissed. Further, the Magistrate Judge has recommended that Defendants' pending Motion to Transfer Venue to the Western District of Texas, Austin Division be denied as moot.

Having carefully reviewed the report and Plaintiff's objections de novo, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted. Accordingly it is

**ORDERED** that the Magistrate Judge's findings and recommendation are **ADOPTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**, and the case is **DISMISSED**. It is further

**ORDERED** that Defendants' Motion to Transfer Venue is **DENIED AS MOOT**. It is further

**ORDERED** that any motions the Court or the Magistrate Judge has not previously ruled upon are **DENIED**.

**SIGNED** this ___ day of July, 2015.

_____

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE